Jackson, C. J.
1. Suit was brought by a widow for the homicide of her husband, and the evidence of the plaintiff tended to show that the deceas-d was crossing the railroad in front of defendant’s engine, passing along a public street; and that the engine ran over him and killed him ; that no bell was rung as a signal of its moving across the street. The defendant’s testimony tended to show that the plaintiff’s husband was on board the train when it started, and attempted to jump off of his own accord, in spite of an iron rail barrier, over which he leaped, and thus fell between two cars and was killed.
Held, that the defendant was entitled to have submitted to the jury both the question whether the plaintiff’s husband caused the injury by his own negligence, and also whether, by the use of ordinary care, he could have avoided the consequences fo himself caused b3f the defendant’s negligence. Under the evidence for the defendant, if believed by the jury, the failure to ring the bell could not have affected or contributed to the injury, and an entire omission to notice this branch of the defense in the charge requires a new trial.
(a) The defense provided for in §2972 of the Code is not identical with that under §3034; and while the doctrine of contributory negligence applies to both sections, 3?et the particular act of negligence in proof must be such as contributes to the thing that caused the injur3r sued for.
(b) Where the judge gives in charge substantially the law covering the case, if more specific instructions on any point are desired, the^y *342 should be asked ; but the law of the case must be given to the jury to the extent of covering the substantial issues made by the amendment, whether rejected or not, or whether the attention of the court be called thereto or not; otherwise the verdict will be set aside. 64 Ga., 582; 63 Id., 661, 664; 11 Id., 337; 12 Id., 100; 15 Id., 258; 19 Id., 285; 25 Id., 184; 30 Id., 133, 476; 44 Id., 132,174; 52 Id., 69,170; 56 Id., 596; 54 Id., 608; 69 Id., 510.
Jackson & King, for plaintiff in error.
Hoke & Burton Smith, for defendant.
2. No other error appears. No complaint of excess of damages is made, and therefore it is immaterial what measured them.
Judgment reversed.